UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,
                Plaintiffs,

v.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD., and
CAPTAIN'S YACHTING SERVICE, LTD.,

                Defendants.
_____/

CIVIL CASE NO. 03-40164

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE



## ORDER TO SHOW CAUSE

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998).

**ACCORDINGLY, IT IS HEREBY ORDERED** that, within **ELEVEN (11) DAYS** of the filing of this Order, Plaintiffs shall **SHOW CAUSE IN WRITING** why this civil action should not be dismissed for lack of subject matter jurisdiction. See 28 U.S.C. § 1332; 28 U.S.C. § 1653; Fed. R. Civ. P. 12(h)(3).

In this case, Plaintiffs seek diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the jurisdictional basis for this civil action to be adjudicated in federal court. See Compl. at ¶ 8. Diversity jurisdiction, however, requires complete diversity of citizenship. See 28 U.S.C. § 1332(a). See Strawbridge v. Curtiss,

7 U.S. (3 Cranch) 267, 267-68 (1806).

Plaintiffs' complaint is defective because it fails to establish complete diversity of citizenship. Specifically, the complaint fails to properly establish the citizenship of the three Defendants. The complaint merely states that "Defendants are citizens or subjects of . . . Canada." See Compl. at ¶ 2. This allegation is inadequate. To establish the citizenship of a corporation, Plaintiffs must allege the jurisdiction in which the corporation is incorporated and the corporation's principal place of business. See 28 U.S.C. § 1332(c)(1); 14A Wright, Miller & Cooper, 14A Federal Practice and Procedure, Jurisdiction 3d § 3661 (1998) ("Section 1332(c)(1), which deems a corporation a citizen of both its state of incorporation and its principal place of business, generally has been held applicable to foreign corporations in precluding diversity jurisdiction between a citizen of State A and a foreign corporation with its principal place of business in State A."); 13B Federal Practice and Procedure, Jurisdiction 3d § 3628 (1984); see also Pancan Int'l Mgmt. Consultants, Inc. v. STS Microscan, Inc., 848 F. Supp. 1321, 1323 (E.D. Mich. 1993) ("Section 1332(c) has been widely interpreted to be applicable to foreign corporations.") (collecting cases).

**IT IS FURTHER ORDERED** that Plaintiffs shall serve (1) this order to show cause and (2) Plaintiffs' response to this order to

2

show cause on Defendants.

**IT IS FURTHER ORDERED** that Defendants may file a reply or replies to Plaintiffs' response to this order to show cause within **ELEVEN (11) DAYS** of service of Plaintiffs' response.

**SO ORDERED.**

Dated: 7/7/03

HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

PURSUANT ... SHIP
COPIES ... TO:
Steven M. Potter

7/7 2003

DEPUTY COURT CLERK

3