

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION



RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

      Plaintiffs,

Case No. 03-40164
Hon. Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD. and
CAPTAIN'S YACHTING SERVICE, LTD.

      Defendants.

---

**Potter, DeAgostino, Campbell & O'Dea**
**STEVEN M. POTTER (P33344)**
**RICK J. PATTERSON (P55706)**
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700 - (248) 377-0051 (fax)

**D'Luge, Miles, Miles & Cameron P.L.C.**
**BRIAN J. MILES (P37186)**
**CHERYL A. CAMERON (P52497)**
Attorneys for Defendant,
Bridgeview Marina, Ltd. and
Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511 – (586) 468-7049 (fax)

U.S. DIST. COURT CLER.
EAST DIST. MICH
DETROIT
'03 SEP 10 P 4:04
FILED

---

## MOTION TO DISMISS

      Defendants, Captain's Yachting Service, Ltd. and Bridgeview Marina, Ltd., move

this Honorable Court for dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure for failure to state a claim upon relief can be

granted as the instant claim should be dismissed pursuant to the doctrine of <u>forum non</u> <u>conveniens</u>.  The underlying basis in support of Defendants' Motion is set forth in the accompanying Memorandum.

Respectfully submitted,

D'LUGE, MILES, MILES & CAMERON P.L.O.

By:   BRIAN J.  MILES (P37186)
      CHERYL A. CAMERON (P52497)
Attorneys for Defendants, Bridgeview Marina, Ltd. and Captain's Yachting Service, Ltd.
67 N.  Walnut
Mt.  Clemens, MI 48043
(586) 468-7511

Dated:  September 10, 2003

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

     Plaintiffs,

Case No. 03-40164
Hon. Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD. and
CAPTAIN'S YACHTING SERVICE, LTD.

     Defendants.

_____

**Potter, DeAgostino, Campbell & O'Dea**
**STEVEN M. POTTER (P33344)**
**RICK J. PATTERSON (P55706)**
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, MI 48326
(248) 377-1700 - (248) 377-0051 (fax)

**D'Luge, Miles, Miles & Cameron P.L.C.**
**BRIAN J. MILES (P37186)**
**CHERYL A. CAMERON (P52497)**
Attorneys for Defendant,
Bridgeview Marina, Ltd. and
Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511 – (586) 468-7049 (fax)

_____/

## NOTICE OF HEARING

The Motion to Dismiss brought by Defendants, Captain's Yachting Service, Ltd. and Bridgeview Marina, Ltd., will be brought up for hearing at a time and place to be set by the Court.

Respectfully submitted,

D'LUGE, MILES, MILES & CAMERON P.L.C.

By:   BRIAN J.  MILES (P37186)
       CHERYL A. CAMERON (P52497)
Attorneys for Defendants, Bridgeview Marina,
Ltd. and Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

Dated:  September 10, 2003

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

     Plaintiffs,

Case No. 03-40164
Hon. Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD. and
CAPTAIN'S YACHTING SERVICE, LTD.

     Defendants.

---

**Potter, DeAgostino, Campbell & O'Dea**
**STEVEN M. POTTER (P33344)**
**RICK J. PATTERSON (P55706)**
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, MI  48326
(248) 377-1700 - (248) 377-0051 (fax)

**D'Luge, Miles, Miles & Cameron P.L.C.**
**BRIAN J. MILES (P37186)**
**CHERYL A. CAMERON (P52497)**
Attorneys for Defendant,
Bridgeview Marina, Ltd. and
Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI  48043
(586) 468-7511 – (586) 468-7049 (fax)

U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT
'03 SEP 10 P 4:04
FILED

---

## PROOF OF SERVICE

I, Jackie L. Delk of D'Luge, Miles, Miles & Cameron P.L.C. hereby state that on **September 10, 2003**, a copy was served via U.S. first class mail of Motion to Dismiss, together with Memorandum in Support thereof, Notice of Hearing and Proof of Service to Rick J. Patterson, Esquire, Potter, DeAgostino, Campbell & O'Dea, 2701 Cambridge Court, Suite 223, Auburn Hills, MI 48326.

*Jackie L. Delk*
Jackie L. Delk

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

     Plaintiffs,

Case No. 03-40164
Hon. Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD. and
CAPTAIN'S YACHTING SERVICE, LTD.

     Defendants.

---

**Potter, DeAgostino, Campbell & O'Dea**
**STEVEN M. POTTER (P33344)**
**RICK J. PATTERSON (P55706)**
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, MI  48326
(248) 377-1700 - (248) 377-0051 (fax)

**D'Luge, Miles, Miles & Cameron P.L.C.**
**BRIAN J. MILES (P37186)**
**CHERYL A. CAMERON (P52497)**
Attorneys for Defendant,
Bridgeview Marina, Ltd. and
Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI  48043
(586) 468-7511 – (586) 468-7049 (fax)

---

## TABLE OF CONTENTS

Index of Authorities .......................................................................................................... i

I. INTRODUCTION ...................................................................................................... 1

II. STATEMENT OF MATERIAL FACTS ...................................................................... 2

III. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE
DOCTRINE OF FORUM NON CONVENIENS ........................................................ 5

    A. An Alternative Forum is Both Adequate and Available ........................................ 6
    B. Private Interest Factors Favor Dismissal ............................................................ 7
    C. Public Interest Factors ......................................................................................... 8
    D. Forum Non Conveniens – Choice of Law ........................................................... 10

        1. The Place of the Wrongful Act ..................................................................... 11
        2. Law of the Flag ............................................................................................. 11
        3. Allegiance or Domicile of the Injured Party ................................................. 12
        4. Allegiance of the Defendants ....................................................................... 12
        5. Place of the Contract .................................................................................... 12
        6. Inaccessibility of a Foreign Forum ............................................................... 13
        7. Law of the Forum .......................................................................................... 13
        8. The Rhoditis Factor:  The Defendants' Base of Operation .......................... 13

    E. International Comity – Mutual Forbearance ......................................................... 14

IV. CONCLUSION ......................................................................................................... 14

INDEX OF AUTHORITIES

**Cases**

Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1162 (5th Cir. 1987) ........... 7, 8

Baris v. Sulpicio Lines, 932 F.2d 1540, 1550, 1151; 1991 AMC 2663 (5th Cir. 1991) ... 8

Diaz v. Humboldt, 722 F.2d at 1216, 1218 (5th Cir., 1984) .......................................... 13

Empresa Lineas Maritimas Argentinas v. Schichau-Unterweser,
    955 F.2d 368, 372 (5th Cir. 1992) ............................................................ 6, 7

Hatteras of Lauderdale, Inc. v. Gemini Lady, 853 F.2d 848 (11th Cir. 1988) .............. 10

Hellenic Lines, Ltd v. Rhoditis, 398 U.S. 306, 90 S. Ct.
    1731, 26 L. Ed.2d 252 (1970)....................................................... 11, 13, 14

Hyundai Heavy Industries Co., Ltd. v. M/V Saibos FDS,
    163 F.2d 1307, 2001 AMC 2971 (D.C. ALA. 2001) ..................................... 10

Lauritzen v. Larsen, 345 U.S. 571; 73 S. Ct. 921; 97 L. Ed. 1254;
    1953 U.S. Lexis 2533 (1953).................................................. 10, 11, 13, 14

Piper Aircraft Company v. Renyo,  454 U.S. 235, 254, 255, 102 S. Ct. 252;
    70 L. Ed. 2d 419; 1981 U.S. LEXIS 133; 50 U.S. L. W. 4055 (1981) ...................... 6, 7

Stewart v. Dow Chemical Company, 865 F.2d 103, 105 (6th Cir. 1989) ................... 5, 7

Syndicate 420 at Lloyds v. Early American Insurance Company,
    796 F.2d 821, 830 (5th Cir. 1986) ............................................................ 6

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>

I.    <u>**INTRODUCTION**</u>

According to Plaintiffs' Complaint, the sailing vessel "GAEL" ran aground on September 1, 2000 when she was caught in a storm in Lake Huron at or near Lexington, Michigan. (**Ex. 1,** p. 3, ¶ 9). Following the grounding, the vessel was taken to the facilities of Defendant, Bridgeview Marina, Ltd. ("Bridgeview"), the marina at which Plaintiffs had docked the vessel for several seasons. (*Id.,* ¶ 11). While Plaintiffs had the option of taking the vessel to any number of repair facilities in the area, both on the U.S. and Canadian side of the border, they chose Bridgeview and its wholly owned subsidiary, Captain's Yachting Service, Ltd. ("Captain's") to perform the repairs.  The allegations set forth in Plaintiffs' Complaint relate to the circumstances surrounding the repair work performed over the course of the next year and a half by Captain's. A substantial number of suppliers and subcontractors were involved in performing the repair work on the vessel, which included mechanical, electrical and engine work. At least 17 different Canadian entities provided materials and/or service work on the vessel. (**Ex. 2**). While the connection with Ontario, Canada is quite strong, the relationship between the instant cause of action and the state of Michigan is nearly non-existent. The vessel is owned, not by Plaintiffs Richard A. Campbell and Mary M. Campbell, but by an entity called "Caribbean Vacations, Ltd." (**Ex. 1,** ¶ 9). Caribbean Vacations, Ltd. is not listed by the Michigan Secretary of State as a Michigan entity.  These Defendants know nothing about that entity other than what is set forth by the United States Coast Guard on its Vessel Documentation database. (**Ex. 3**). Defendants have ordered a certified Abstract of Title from the Vessel Documentation

1

Center and will produce same upon receipt. According to the Coast Guard, Caribbean Vacations, Ltd. has a business address in the city of Dover, state of Delaware. *Id.* Similarly, the hailing port of the vessel "GAEL" is listed by the Coast Guard as Philadelphia, Pennsylvania. *Id.* Upon information and belief, the vessel has been out of the Great Lakes region for the past two seasons and is currently in Florida. (**Ex. 1, ¶ 77**). For several season prior to the repairs at issue, the vessel was docked and stored at Bridgeview in Ontario, Canada. (**Ex. 2**). Moreover, while Plaintiffs apparently have a residence in the state of Michigan, they also have (or at least have had) a residence in Canada. *Id.*

Given the substantial connection between the facts and circumstances surrounding this claim and the province of Ontario, Canada; and in light of the nominal connection between the facts and circumstances surrounding this case and the state of Michigan, Defendants respectfully submit that this case is appropriate for dismissal pursuant to the doctrine of forum non conveniens. Certainly, an adequate and appropriate forum is available to resolve the dispute in Ontario, Canada. Moreover, examining the public and private interest factors that go into the forum non conveniens analysis, it is apparent that these factors overwhelmingly support dismissal of the claim. Defendants therefore respectfully request that this Honorable Court enter an Order of Dismissal requiring Plaintiffs to pursue the remedy in the courts of Ontario.

## II.    STATEMENT OF MATERIAL FACTS.

In support of its Motion to Dismiss based upon the doctrine of forum non conveniens, Defendants set forth the following statement of facts:

1.      Bridgeview is an entity organized and existing under and by virtue of the laws

2

of the province of Ontario, Canada. (**Ex. 4**).

2.    Bridgeview's principal place of business is located at 1 Marina Road, Point Edward, Ontario, Canada. *Id.*

3.    Bridgeview does not have an office or agent in the United States. *Id.*

4.    Bridgeview is generally in the business of providing winter and summer storage for vessels at the address listed above and does not provide repair services. *Id.*

5.    Captain's is an entity wholly owned by Bridgeview and exists under and by virtue of the laws of the province of Ontario, Canada. *Id.*

6.    Neither Bridgeview nor Captain's is licensed to do business in Michigan. *Id.*

7.    Captain's does not have an office or agent in the United States. *Id.*

8.    Captain's performed extensive repair work on the sailing vessel "GAEL" commencing in the fall of 2000. (**Ex. 2**).

9.    All of the work performed by Captain's was completed in Canada. *Id.*

10.    Most of the electrical work performed on "GAEL" was undertaken by a former employee of Captain's, who is no longer employed by Captain's, and is still living in Canada. *Id.*

11.    Much of the mechanical work performed on "GAEL" was performed by a mechanic who is no longer employed by Captain's and is still living in Canada. *Id.*

12.    Much of the engine work performed on "GAEL" was performed by Total Power, a Yanmar dealer located in the city of Toronto, province of Ontario, Canada. *Id.*

13.    Some of the electrical work performed on "GAEL" was performed by companies other than Bridgeview or Captain's, said companies being located in the cities

3

of Sarnia and Toronto in the province of Ontario, Canada. *Id.*

14.     The repair work performed on "GAEL" was done at the request of Mr. and Mrs. Campbell who docked the vessel at Bridgeview Marina for several seasons prior to that request being made. *Id.*

15.     Captain's obtained materials for, and subcontracted numerous repairs on Plaintiffs' vessel by various entities, all of which were Canadian.[1] *Id.*

16.     During the winter of 2001 to 2002, Plaintiffs resided in the city of Whistler, province of British Columbia, Canada. *Id.*

17.     The hailing port of "GAEL" is listed by the Coast Guard Vessel Documentation Office as Philadelphia, Pennsylvania. (**Ex. 3**).

18.     "GAEL" has been out of the Great Lakes region for the past two seasons and is currently in Florida. (**Ex. 1**, ¶ 77).

19.     The owner of "GAEL", Caribbean Vacations, Ltd., is a corporation or entity organized and existing under and by virtue of the laws of a state other than the state of Michigan or a country other than the United States of America.

20.     The courts of Ontario, Canada provide an adequate and available alternative forum to this Honorable Court.[2]

---

1 The sole exception is a company called R&B located in Detroit, Michigan. Though paid for by Captain's, this work was contracted for by Plaintiffs.
2 In the event Plaintiffs seriously contest the adequacy and availability of the courts of Ontario to decide the dispute in this matter, Defendants will provide this Honorable Court with Affidavits from barristers licensed in Ontario in support of that fact.

### III.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS

The doctrine of forum non conveniens is based upon principles of international comity and respect for the laws and legal interests of foreign jurisdictions. It is intended to provide the federal courts in this country a mechanism by which to evaluate whether existing jurisdictional authority over a claim should be exercised. The doctrine of forum non conveniens is applied to a broad spectrum of claims, including maritime actions involving allegations of both tort and breach of contract. Frequently, the courts of this country refuse to exercise jurisdiction over such claims, recognizing not only principles of international comity, but also acknowledging the existence of very real obstacles to the fair administration of justice. The court's decision on this point is given substantial deference and "must be upheld in the absence of a clear abuse of discretion." Stewart v. Dow Chemical Company, 865 F.2d 103, 105 (6th Cir. 1989).

The instant case should be dismissed pursuant to the doctrine of forum non conveniens. The only connection this case has to the state of Michigan is that Plaintiffs (apparently assignors of the vessel owner, Caribbean Vacations, Ltd.; **Ex.** 1, ¶ 9) have a residence here. As will be discussed in detail below, there are a multitude of witnesses critical to the defense of the case, including former employees, suppliers and subcontractors, all of whom reside in Ontario, Canada, and none of whom are subject to the subpoena power of this Court. Consequently, to the extent testimony is needed in this Court of former employees, suppliers and/or subcontractors residing in Canada, obtaining that testimony, even by way of deposition, will be costly, if it is possible at all. Moreover, to the extent there may be the need to assert a claim of third-party fault against any of the

5

suppliers and/or subcontractors located in Canada, such claims would necessitate a separate action being brought in Canada. Among the many factors to be evaluated by the Court in its <u>forum non conveniens</u> analysis, the private interest factors relating to the accessibility to evidence and witnesses, inconvenience to the parties, and the obstacles to the fair administration of justice, militate most strongly against this Honorable Court's exercise of jurisdiction.

### A.   An Alternative Forum is Both Adequate and Available.

As a first step in a <u>forum non conveniens</u> analysis, the Court must examine whether an adequate alternative forum is available. <u>Piper Aircraft Company v. Renyo</u>, 454 U.S. 235, 254, 255, 102 S. Ct. 252; 70 L. Ed. 2d 419; 1981 U.S. LEXIS 133; 50 U.S. L. W. 4055 (1981). Such a forum is "available" when the entire case and all parties can be brought within the jurisdiction of that forum. <u>Syndicate 420 at Lloyds v. Early American Insurance Company</u>, 796 F.2d 821, 830 (5th Cir. 1986). Similarly, a forum is "adequate" if the parties have a remedy and are not treated unfairly, notwithstanding that they may not enjoy all of the benefits that they might receive in a court of the United States. <u>Piper Aircraft</u>, <u>supra</u>, 454 U.S. at 247-250; <u>Empresa Lineas Maritimas Argentinas v. Schichau-Unterweser</u>, 955 F.2d 368, 372 (5th Cir. 1992).

Clearly, the Plaintiffs in the case at bar have an alternative forum which is both adequate and available. The facts of the case at bar certainly have a sufficient connection to Ontario, Canada for the courts of that province to recognize and accept jurisdiction. While Plaintiffs may or may not be satisfied with the adequacy of the remedy available in the Canadian forum, it is well established that mere dissatisfaction with the adequacy of the remedy is an insufficient basis for this Court to retain jurisdiction where legitimate

6

grounds do not otherwise exist.   Piper Aircraft, supra, 454 U.S. at 247-255; Empresa, supra, 955 F.2d at 372.  Defendants are agreeable to submitting the case to the courts of the province of Ontario, Canada.

### B.   Private Interest Factors Favor Dismissal.

The second prong of the three-prong analysis set forth in Stewart requires the Court to look at various "private interest factors." Id. The private interest factors to be examined include:

    (1)    The relative ease of access to sources of proof;

    (2)    The availability of compulsory process for obtaining attendance of witnesses;

    (3)    The cost of obtaining attendance of willing witnesses;

    (4)    The probability of the need to view the premises, if appropriate;

    (5)    Other practical problems that make trial easy, expeditious and inexpensive; and,

    (6)    Enforceability of a judgment if one is obtained.

In re Stewart, supra, 865 F.2d at 106; Air Crash Disaster Near New Orleans, 821 F.2d 1147, 1162 (5th Cir. 1987).

A review of the private interest factors set forth above makes it immediately and abundantly clear that dismissal is mandated.  Both Defendants herein are citizens of the province of Ontario with their principal place of business located there.  (**Ex. 4**).  Neither Defendant has any office or agent located in the state of Michigan or in the United States. Id.  A multitude of suppliers and subcontractors involved directly with the vessel repair at issue are all located in Canada and are not subject to the subpoena power of this Court. (**Ex. 2**).  Similarly, two former employees of Captain's Yachting Service, Ltd., both of whom

7

were substantially involved in the repair work which is the subject of Plaintiffs' Complaint, are no longer employed by the company. *Id.* Therefore, obtaining compulsory testimony from them for presentation in this Court creates a substantial hardship on the defense. Moreover, to the extent testimony is available at all from such witnesses, it would be by way of deposition which would substantially compromise the trial process and Defendants' ability to effectively present their case to a jury. While the enforceability of any resulting judgment (factor 6) is not an issue, the remainder of the private interests factors set forth above evidence an imbalance so overwhelming as to warrant dismissal.

### C.    Public Interest Factors.

In addition to the private interest factors set forth above, the case law also provides for a third step which is the balancing of "public interest factors." Those factors include:

(1)    The administrative difficulties flowing from further court congestion;

(2)    The local interest in having localized controversies decided at home;

(3)    The interest in trying the case in a forum familiar with the law governing the actions;

(4)    The avoidance of unnecessary problems regarding conflicts of law or the application of foreign law; and,

(5)    The burden of jury duty on citizens of the forum.

Baris v. Sulpicio Lines, 932 F.2d 1540, 1550, 1151; 1991 AMC 2663 (5th Cir. 1991); In re Air Crash Disaster, 821 F.2d at 1162-1163. Regarding the first factor, it is clear that significant administrative difficulties could indeed flow from further court congestion should cases such as this be permitted to proceed in the courts of the United States. Many American residents choose to travel to Canada on a daily basis for various reasons, including dining, entertainment, purchasing products, among others. When a dispute

arises, an American resident has a natural inclination to want that dispute to be resolved at home. Permitting cases such as this, in which the only connection to this forum is the residency of the Plaintiffs, would encourage a multiplicity of law suits to be filed in this Court with only the most minimal of connections to the state of Michigan or to the United States. Many such cases will require the application of Canadian law, a task for which the courts of Canada are certainly better suited.

Similarly, the second factor, "the local interest" factor, also militates against retention of jurisdiction. In fact, there is very little "local" about this claim. The Vessel Documentation Office of the Coast Guard lists "GAEL'S" hailing port as Pennsylvania. **(Ex. 3)**. The corporate owner of the vessel, Caribbean Vacations Ltd. (not a party to this action) lists its place of business as Delaware. *Id.* As noted above, both Defendants, as well as a multitude of suppliers and subcontractors are all located in Canada. **(Ex. 2)**. Even Plaintiffs, who allegedly are U.S. citizens and apparently have residence in the state of Michigan, also had a residence in Canada, at least for a substantial period of time during which the vessel was under repair. *Id.* The vessel has left the Great Lakes region and is in Ft. Lauderdale, Florida. **(Ex. 1, ¶ 77)**. Moreover, for several years prior to leaving the region, it was stored at Bridgeview, in Canada. **(Ex. 2)**. Thus, the vessel itself appears to have virtually no connection to the state of Michigan. Consequently, the "local flavor" of the case is distinctly Canadian. Obviously, the second factor involving "local interest" is not one lending any support to the exercise of jurisdiction over this claim.

Nor do the third and fourth factors favor retention of jurisdiction. This is a case in which, as will be discussed at length below, the law of Canada should apply. Certainly, this Court should not be burdened with the difficult task of applying Canadian maritime law

9

to a case in which there is no compelling interest to retain jurisdiction. Moreover, the lack of jurisdiction over potential third-party defendants may require the bringing of a separate action in Canada, thus thwarting the strong policy favoring judicial economy.

In summary, in view of the fact that there is an adequate alternative forum available to the Plaintiffs, of which Plaintiffs could easily avail themselves, and in light of the overwhelming balance of private and public interest factors in favor of dismissing this claim, Defendants Bridgeview Marina, Ltd. and Captain's Yachting Service, Ltd. respectfully submit that, pursuant to the modern forum non conveniens analysis set forth above, the claim should be dismissed.

### D. Forum Non Conveniens – Choice of Law.

As noted above, the public interest factor relating to choice of law also favors dismissal. It is well established that there are generally eight factors a court must consider in determining whether to apply American or foreign law to a maritime claim.[3] The first seven factors were set forth by the Supreme Court in the 1953 decision Lauritzen v. Larsen, 345 U.S. 571; 73 S. Ct. 921; 97 L. Ed. 1254; 1953 U.S. Lexis 2533 (1953). Lauritzen involved the claim of a Danish seaman who was injured aboard a Danish flagged vessel owned by a Danish citizen. The Plaintiff had signed Articles which called for the application of Danish Law to any dispute. The only contact which Larsen had with the United States was that he had begun and concluded his voyage in the City of New York. The Supreme Court held that there existed no legitimate basis for applying American

---

3 It is well established in American jurisprudence that a contact to repair a vessel constitutes a "maritime contract" and therefore invokes maritime jurisdiction. Hatteras of Lauderdale, Inc. v. Gemini Lady, 853 F.2d 848 (11th Cir. 1988); Hyundai Heavy Industries Co., Ltd. v. M/V Saibos FDS, 163 F.2d 1307, 2001 AMC 2971 (D.C. ALA. 2001).

maritime law to the foreign shipowner in that claim.  In so holding, the court outlined seven

factors to be used in determining whether American maritime law applies:

> (1)    The place of the wrongful act;
>
> (2)    The law of the flag;
>
> (3)    The allegiance or domicile of the injured party;
>
> (4)    The allegiance of the Defendant shipowner;
>
> (5)    The place of the contract;
>
> (6)    The accessibility of a foreign forum; and,
>
> (7)    The law of the forum.

In 1970, the Supreme Court added an eighth choice of law factor, inquiring as to the

"shipowner's base of operations."  Hellenic Lines, Ltd v. Rhoditis, 398 U.S. 306, 90 S. Ct.

1731, 26 L. Ed.2d 252 (1970).

### 1.    The Place of the Wrongful Act.

Clearly, the place of the Wrongful Act favors the province of Ontario as the forum in

which to litigate this matter.  This is not a situation such as a collision, in which Plaintiffs

presence in a particular body of waters is fortuitous.  Instead, Plaintiffs in this case could

have chosen to have the vessel repaired in anywhere, including a repair facility in the

United States.  Instead, Plaintiffs made a conscious decision to bring the vessel to Canada.

Consequently, Plaintiffs' decision to effect the repairs in Canada is a very strong factor in

favor of dismissal.

### 2.    Law of the Flag.

The traditional choice of law formula set forth by the Supreme Court in Lauritzen,

supra, considers as one factor the "law of the flag."  This factor should be given nominal

11

emphasis in the case at bar due to the fact that the controversy at issue, while it involves a vessel, does not involve a shipboard tort such as a collision, grounding or the like. The law of the flag should therefore be given little deference in terms of choice of law in this matter.

     3.    **Allegiance or Domicile of the Injured Party**.

It is not entirely clear from the pleading in this case who the injured party is. As noted, the listed owner for the vessel is Caribbean Vacations, Ltd. Defendants have not been able to ascertain the citizenship of that entity, other than to confirm with the Michigan Secretary of State that it is not a Michigan corporation. Moreover, as noted, Plaintiffs in the case, Mr. and Mrs. Campbell, actually had dual residences during at least a portion of time the repair work was being performed. They had a residence both in Michigan, as well as a residence in Canada. Much of the communication with Plaintiffs during the 2001/2002 winter was at their Canadian residence.

     4.    **Allegiance of the Defendants**.

Clearly, the two moving Defendants as well as the third named Defendant are Canadian corporations with their principal offices located in Ontario, Canada. (**Ex. 4**). As noted above, neither Bridgeview nor Captain's has any office or agent in the United States. *Id.* Defendants respectfully submit that this fourth factor weighs heavily in favor of the application of Canadian law.

     5.    **Place of the Contract**.

As noted in Plaintiffs' Complaint, Plaintiffs chose to bring the vessel to Defendants' place of business in Ontario, Canada for repairs. The terms of the contract of repair were consummated in Ontario. The work which is the subject of the contract was performed in Ontario. Defendants again submit that this factor weighs heavily in favor of the application

of Canadian maritime law.

**6.    Inaccessibility of a Foreign Forum**.

As noted above, the courts of Ontario provide an available and adequate forum in which to litigate the dispute in this case.  These Defendants are willing to submit to the jurisdiction of that court.  It is anticipated that Plaintiffs will acknowledge both the availability and adequacy of the courts of Ontario to dispute this case.  To the extent that point is not conceded, Defendants will provide the Court with an appropriate Affidavit from a licensed and knowledgeable barrister in the area.

**7.    Law of the Forum**.

This factor is one in which the courts have determined to be inapplicable when the defendant is involuntarily made a party to an action in the United States as Defendants are in the case at bar.  Diaz v. Humboldt, 722 F.2d at 1216, 1218 (5th Cir., 1984).

**8.    The Rhoditis Factor: The Defendants' Base of Operation**.

In Rhoditis, the Supreme Court added an eighth factor to the Lauritzen analysis relating to the Defendant vessel owner's base of operations.  The purpose of developing this eighth factor was to prevent the creation of "sham corporations" to circumvent the application of American maritime law.  In the case at bar, the Defendants are Canadian corporations with their principal place of business in Ontario, Canada.  (**Ex. 4**).  The day to day operations of the Defendants' businesses are controlled from Ontario, Canada.  Defendants have no offices or agents located in the United States. Id.  Clearly, there is no basis upon which to argue that Defendants have a "base of operations" anywhere but in Ontario, Canada.

13

Based upon the foregoing Lauritzen/Rhoditis factors, it is apparent that this matter should be governed by Canadian law and pursued in a Canadian court. Consequently, dismissal under the traditional forum non conveniens analysis is appropriate.

E.    **International Comity – Mutual Forbearance**.

It is clear that the concept of international comity underlying the doctrine of forum non conveniens will be served only through the dismissal of this action. The fact that this case deals with two Canadian entities and a contract performed fully within Canada lends itself to dismissal. Whatever contacts are deemed sufficient by the courts of this country to apply its laws to Canadian citizens may be equally applied to American citizens by the courts of Canada. This concept was in the forefront of the court's analysis in Lauritzen:

> "But in dealing with international commerce we cannot be unmindful of the necessity for mutual forbearance if retaliations are to be avoided; nor should we forget that any contact which we hold sufficient to warrant application of our law to a foreign transaction will logically be as strong a warrant for a foreign country to apply its law to an American transaction."

345 U.S. at 581.

Certainly, the courts of the United States should be wary of creating an environment in which reciprocity would result in American citizens and business entities being called before the courts of Canada for the resolution of contractual disputes arising entirely within the Untied States based solely upon the citizenship of the Canadian Plaintiffs.

IV.    **CONCLUSION**

This matter should be dismissed pursuant to the doctrine of forum non conveniens and the claim should be addressed by the appropriate adjudicatory body in Canada. This is not a case in which American maritime law is applicable, nor is it a case in which there is

14

any rational argument in support of this Court's retention of jurisdiction. All witnesses are either in Canada, or are within Plaintiffs' control and therefore available to be called to testify in Canada. To the extent it may be necessary to bring third-party claims against any suppliers or subcontractors, they too are in Canada and subject to the jurisdiction of the Canadian courts. The interests of comity and judicially economy therefore mandate dismissal of the claim. Defendants are willing to avail themselves to the jurisdiction of the courts in Ontario.

For the above and foregoing reasons, Defendants, Bridgeview Marina, Ltd. and Captain's Yachting Service, Ltd., respectfully request that this Honorable Court enter an Order granting Defendants' Motion to Dismiss pursuant to Rule 12 (b)(6) and for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

D'LUGE, MILES, MILES & CAMERON P.L.C.

By: BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
Attorneys for Defendants, Bridgeview Marina,
Ltd. and Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

Dated: September 10, 2003

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED