# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

    Defendants.
_____/

Case No.: 03-40164

Hon. Paul V. Gadola



STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
  Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

## DEFENDANT NEEDHAM'S MARINE, LTD MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

NOW COMES DEFENDANT Needham's Marine, LTD. ("Needham's") by and through its attorneys, Garan Lucow Miller, P.C., and for its Motion to Dismiss For Lack of Personal Jurisdiction, states as follows:

1. Plaintiffs' First Amended Complaint alleges that the "Gael" – a sailing vessel – ran aground on or around September 1, 2000 at or near Lexington, Michigan, due to weather conditions and/or Plaintiffs' inexperience on Lake Huron.

2. The Gael sustained severe damage as a result of this grounding.

3. Plaintiffs subsequently elected to have the Gael transported to Defendant Bridgeview Marina, Ltd. ("Bridgeview"), a marina in Ontario, Canada.

4. Plaintiffs elected to have Bridgeview and its wholly-owned subsidiary, Captain's Yacting Service, Ltd. ("Captain's"), also located in Ontario, Canada, perform the extensive repairs to the Gael.

5. Repairs to the Gael took over 18 months, took place almost exclusively in Canada, and involved services from around 17 different Canadian entities.

6. Plaintiffs filed the instant First Amended Complaint against these Defendants on or around August 11, 2003 alleging Breach of Contract (Count I), Fraud (Count II), Rescission (Count III), Fraud in the Inducement (Count IV), and Violation of the Michigan Consumer Protection Act (Count V).

7. There is no basis for general personal jurisdiction over Defendant Needham's pursuant to M.C.L. 600.711 (West 2003).

8. There is no basis for limited personal jurisdiction over Defendant Needham's

1

pursuant to M.C.L. 600.715 (West 2003).

9. Even assuming, *arguendo*, that limited personal jurisdiction exists pursuant to M.C.L. 600.715, exercise of jurisdiction over this non-resident alien Defendant would violate the Due Process Clause. See *Int'l Shoe Co. V. Washington*, 326 U.S. 310 (1945); *Theunissen v. Matthews*, 935 F.2d 1454 (1991); *Neighbors v. Penske Leasing, Inc.*, 45 F.Supp.2d 593 (E.D. Mich. 1999).

10. Defendant Needham's is entitled to a dismissal pursuant to F.R.C.P. 12(b)(2).

11. Defendant relies upon its brief, which is incorporated herein by reference.

12. Pursuant to Local Rule 7.1, Defendant Needham's sough Plaintiffs' concurrence in this motion, which concurrence was not forthcoming.

WHEREFORE Defendant Needham's respectfully requests that this Honorable Court dismiss this case against Defendant Needham's for lack of personal jurisdiction, together with any and such further relief as this Court deems necessary and just.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Attorneys for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

Dated: October 1, 2003
@PFDesktop\::ODMA/PCDOCS/TROY/331442/1

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

    Defendants.
_____/

Case No.: 03-40164

Hon. Paul V. Gadola

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
 Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

**DEFENDANT NEEDHAM'S MARINE, LTD BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

## ISSUES PRESENTED

I. DOES THIS COURT LACK GENERAL PERSONAL JURISDICTION OVER DEFENDANT NEEDHAM'S SO THAT THIS CASE SHOULD BE DISMISSED AS TO NEEDHAM'S?

II. DOES THIS COURT LACK LIMITED PERSONAL JURISDICTION OVER DEFENDANT NEEDHAM'S SO THAT THIS CASE SHOULD BE DISMISSED AS TO NEEDHAM'S?

III. EVEN ASSUMING, ARGUENDO, THAT LIMITED PERSONAL JURISDICTION EXISTS, WOULD EXERCISE OF JURISDICTION OVER DEFENDANT NEEDHAM'S COMPORT WITH THE DUE PROCESS CLAUSE WHERE NEEDHAM'S IS A NON-RESIDENT, ALIEN ENTITY AND HAS NEVER AVAILED ITSELF OF DOING BUSINESS IN MICHIGAN OR THE UNITED STATES?

## CONTROLLING AUTHORITY

**Constitution**

United States Constitution Amendment XIV

**Cases**

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985)

*Hanson v. Denckla*, 357 U.S. 235 (1958)

*Int'l Shoe Co. V. Washington*, 326 U.S. 310 (1945)

*Mozdy v. Lopez et al.*, 197 Mich. App 356 (1993)

*Neighbors v. Penske Leasing, Inc.*, 45 F.Supp.2d 593 (E.D. Mich. 1999)

*Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424 (2001)

*Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (CA 6 1994)

*Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374 (CA 6 1968)

*Theunissen v. Matthews*, 935 F.2d 1454 (CA 6 1991)

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980)

**Codes and Statutes**

M.C.L. 600.711
M.C.L. 600.715

**Rules**

Fed. R. Civ. Pro. 12

ii

## I.    Factual Background

This case involves damages alleged to have resulted from the defective repair to the Gael, a sailing vessel that ran aground on September 1, 2000 at or near Lexington, Michigan, due to weather conditions on Lake Huron. Plaintiffs, who were in possession of the Gael, subsequently chose to have the Gael transported to Defendant Bridgeview Marina, Ltd. ("Bridgeview"), in Ontario, Canada, for extensive repairs. Plaintiffs decided to have Bridgeview and Captain's, also located in Ontario, Canada, perform the extensive repairs. Over the course of approximately eighteen (18) months, Captain's performed the repair work on the Gael, enlisting the services of some seventeen (17) different Canadian entities.

Defendant Needham's Marine, Ltd. ("Needham's") is not related to Bridgeview or Captain's, the entities alleged to have performed the faulty repair to the Gael, and is a separate and distinct entity. (Douglas Affidavit – **Exhibit 1**). Needham's is a Canadian company, with its principal place of business at One Marina Road, Point Edward, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's does not have either an office or agent in Michigan and does not do any business in Michigan or the United States. (Douglas Affidavit – **Exhibit 1**). Needham's general business is providing boat sales and marine mechanical repairs within the province of Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's is not licensed to do business in Michigan; in fact, as part of its dealer agreement with Searay and Boston Whaller, Needham's is, for the sale of certain boats, precluded from doing business within Michigan and the United

1

States. (Douglas Affidavit – **Exhibit 1**). Needham's is not allowed to send mechanics to work on boats within Michigan or the United States due to immigration restrictions. Moreover, Needham's does no business advertising in Michigan or the United States. (Douglas Affidavit – **Exhibit 1**).

All repairs to the Gael's engine, which had been completely submerged in the lake, were done by Yanmar in Toronto, Ontario. (Douglas Affidavit – **Exhibit 1**). Needham's charge for removal and reinstallation of the Gael's engine occurred while the Gael was, at all times relevant hereto, located in the Province of Ontario. (Douglas Affidavit – **Exhibit 1**). All of the contractual undertakings for performing repair to the Gael were arranged and negotiated in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). All of the repair activities to the Gael were performed pursuant to discussions and/or contractual negotiations that took place in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's had no relationship with the Gael or its owners in the United States; all activities, agreements, and work performed took place in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Finally, the Gael appears to be owned by Carribean Vacations, Ltd., which is not a Michigan corporation.

II. **Legal Analysis**

A. **Standard of Review**

Defendant Needham's brings this Motion to Dismiss pursuant to F.R.C.P. 12(b)(2), lack of personal jurisdiction. "The plaintiff has the burden of establishing the Court's jurisdiction over the defendants, and when faced with a properly supported Rule

2

12(b)(2) motion, the plaintiff must set forth facts establishing personal jurisdiction." *Neighbors v. Penske Leasing, Inc.*, 45 F.Supp.2d 593, 595 (E.D. Mich. 1999). In responding to a Rule 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must . . . set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (CA 6 1991).

**B.    There Is No Basis For General Personal Jurisdiction**

Under diversity jurisdiction, a federal district court "must apply the law of the forum state to determine whether it may exercise jurisdiction over the person of a non-resident defendant." *Theunissen*, 935 F.2d at 1458. Michigan's statute setting forth the existence of general personal jurisdiction over a corporation provides:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against corporations.
>
> (1) Incorporation under the laws of this state.
>
> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

M.C.L. 600.711 (West 2003).

In this case, there is no basis for general personal jurisdiction over Defendant Needham's. Needham's is **not** a Michigan corporation; it is a Canadian company, with its principal place of business at One Marina Road, Point Edward, Canada. (Douglas

3

Affidavit – **Exhibit 1**). Needham's at no time has consented to jurisdiction in Michigan or the United States, and contests this Court's ability to Constitutionally exercise jurisdiction over this Defendant. Finally, Needham's does not carry on a continuous or systematic part of its business in Michigan. In fact, Needham's has neither an office nor agent in Michigan; it does not do any business in Michigan or the United States. (Douglas Affidavit – **Exhibit 1**). Needham's general business is providing boat sales and marine mechanical repairs within the province of Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). As part of Needham's dealer agreement with Searay and Boston Whaller, Needham's is, for the sale of certain boats, <u>precluded</u> from doing business within Michigan and the United States. (Douglas Affidavit – **Exhibit 1**).

### C. There Is No Basis For Limited Personal Jurisdiction

Michigan's long-arm statute provides:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation **arising out of the act or acts which create any of the following relationships:**
>
> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.

4

> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

M.C.L. 600.715 (West 2003) (emphasis added).

First, Needham's transacts no business in Michigan. (Douglas Affidavit – **Exhibit 1**). Needham's merely coordinated a small portion of the repair work to the Gael, all of which was done in Canada. Second, Needham's has done no act in Michigan or caused any consequences to occur in Michigan that would subject it to tort liability. Third, Plaintiffs have not even alleged that Needham's ownership, use, or possession of property located in Michigan gives rise to this lawsuit. Fourth, Needham's never contracted to insure any risk in Michigan. Finally, Needham's never contracted to perform any services in Michigan or furnish any materials in Michigan. Needham's is not allowed to send mechanics to work on boats within Michigan or the United States due to immigration restrictions. (Douglas Affidavit – **Exhibit 1**).

In *Green v. Wilson et al.*, 455 Mich. 342 (1997), the Michigan Supreme Court held that there was no limited personal jurisdiction over the defendant under Michigan's long-arm statute where the defendant, a Canadian resident, became intoxicated in Michigan and was involved in an accident with Michigan residents on the Canadian side of the Detroit-Windsor tunnel. The plaintiffs argued that personal jurisdiction existed pursuant to the predecessor of M.C.L. 600.715(2). The Michigan Supreme Court disagreed, finding that both the "act" – the negligent driving – and the "consequences" –

5

the plaintiffs' injuries – occurred in Canada. See Green, 455 Mich. at 352. "The acts in Michigan that preceded Wilson's allegedly tortious acts in Canada were insufficient to subject him to subsection 2 of [M.C.L. 600.715.]" Id. at 353. In this case, Defendant Needham's has not even committed any acts in Michigan, let alone acts sufficient to subject it to personal jurisdiction under Michigan's long-arm statute. Even assuming that Needham's performed some tortious act, it would have been performed, and the consequences occurred, in Canada, not Michigan.

In Helzer v. F. Joseph Lamb Co. et al., 171 Mich. App. 6 (1988), the plaintiff, a Michigan resident, was struck by a car while crossing the street in Canada. Plaintiff named the driver of the van, David Gammon, Gammon's employer, the F. Jos. Lamb Co. ("Lamb"), a Canadian corporation, and Lamb's parent corporation in a lawsuit plaintiff filed in Michigan state court. The court found that there was no personal jurisdiction over Gammon or Lamb:

> This accident had no connection with Michigan, other than the fact that plaintiffs were Michigan residents. Therefore, since the harm done did not arise out of acts due to the transaction of business in this state, and since the tort did not take place in this state, there is no basis for limited personal jurisdiction over either [Lamb] or its agent Gammon.

Id. at 11-12. In this case, as in Helzer, the only connection between the dispute and Michigan is that Plaintiffs are Michigan residents. The alleged harm done to Plaintiffs did not "arise out of acts due to the transaction of business" in Michigan. Further, the alleged "tort did not take place in this state. . . ." Id.

6

### D. Even Assuming, *Arguendo*, That Limited Personal Jurisdiction Exists, Exercise Of That Jurisdiction Is Inconsistent With Due Process Requirements

In order to comply with the requirements of the Due Process Clause, a defendant must have certain minimum contacts with a forum state "sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Neighbors*, 45 F.Supp.2d at 597 (quoting *Int'l Shoe Co. V. Washington*, 326 U.S. 310, 316 (1945)). The essence of the Due Process analysis is whether, by some act, "'the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In applying this analysis, the Sixth Circuit requires that all of the following three criteria are met:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (CA 6 1968). If any one of the three criteria is lacking, the court will may not exercise jurisdiction. *See id.*

Needham's has not availed itself of conducting business in Michigan. Rather, it is on the basis of Plaintiffs' unilateral activity that they claim a relationship between Needham's and Michigan. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980). Plaintiffs' theory would subject Needham's to a lawsuit wherever Plaintiffs took

7

the Gael. The requirement that a defendant purposefully avail itself of conducting activities in a forum state "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts. . . ." *Rudzewicz*, 471 U.S. at 475 (citations omitted). Purposefully availing itself of conducting activities in a state requires that a defendant "'deliberately' has engaged in significant activities within a State, . . . or has created 'continuing obligations' between himself and residents of the forum. . . ." *Id.* at 476. In this case, Needham's has not "invok[ed] the benefits and protections of this state's laws." *Mozdy v. Lopez et al.*, 197 Mich. App 356, 359 (1993).

Plaintiffs will not be able to provide **any** support for the second criteria since this alleged cause of action does not arise form any activity in Michigan. "It is fundamental that '[f]or limited personal jurisdiction to attach, the cause of action must arise from the circumstances creating the jurisdictional relationship between the defendant and the foreign state.'" *Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424 (2001) (citation omitted). As pointed out above, the repair work to the Gael was done in Canada. The negotiations took place in Canada. Plaintiffs cannot subject Needham's to a lawsuit in Michigan .

In *Oberlies*, the plaintiff traveled to defendant's ski facility in Ontario, Canada after seeing an ad for the facility in a Michigan newspaper. The *Oberlies* plaintiff alleged that she was injured when thrown to the ground "as a result of being negligently loaded onto a ski lift operated by defendant's employees." *Id.* at 426. The defendant moved for, and was granted, summary disposition for lack of personal jurisdiction. On

8

appeal, plaintiff argued that jurisdiction existed based on the defendant ski facility's marketing and advertising efforts directed at Michigan residents. After finding that there was no general jurisdiction pursuant to M.C.L. 600.711, the court reviewed Michigan's long-arm statute and found that the widespread advertisements disseminated by defendant constituted transaction of business in Michigan.

Under the Due Process analysis, the court observed that because of "defendant's purposeful and successful solicitation of business from Michigan residents, defendant could anticipate being haled into Michigan courts." *Id.* at 434.[1] The court found, however, that exercise of jurisdiction over the Canadian defendant would be unreasonable since "the connection between plaintiff's cause of action and defendant's Michigan advertising [was] so attenuated. . . ." *Id.* at 435.

> We conclude that in order for a foreign defendant to be compelled to defend a suit brought in Michigan where the defendant's contacts with Michigan are limited solely to advertising aimed at Michigan residents, the defendant's instate advertising activities must, in a natural and continuous sequence, have caused the alleged injuries forming the basis of the plaintiff's cause of action. To hold otherwise would be contrary to traditional notions of fair play and substantial justice.

*Id.* at 437.

Plaintiffs have not even **alleged** acts that have a substantial connection between Needham's and Michigan. Plaintiffs' residence in Michigan does not change the

---

[1] Unlike the *Oberlies* defendant, Needham's does no business advertising in Michigan. (Douglas Affidavit – **Exhibit 1**).

9

Constitutional limitations on personal jurisdiction of a non-resident foreign entity. Contacts that are random or attenuated will not pass Constitutional muster. *See, e.g., Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1119 (CA 6 1994) (holding that phone calls and letters alone cannot provide the requisite minimum contacts to satisfy due process).

The facts of this case also fail to meet the third criteria. The reasonableness of exercising jurisdiction requires an evaluation of several factors, including "the burden on the defendant," the forum state's interests in adjudicating the controversy, and "the plaintiff's interests in obtaining convenient and effective relief. . . ." *Woodson*, 444 U.S. at 292. Given the plethora of Canadian entities involved in performing repair work to the Gael, Defendant Needham's would be severely burdened in attempting to bring these potential defendants before a U.S. court. Further, "Michigan courts do not have significant interests in adjudicating every case involving Michigan residents." *Oberlies*, 246 Mich. App. at 438. Finally, Plaintiffs' interests in obtaining relief is adequately served by a suit brought in Canada.

Exercising jurisdiction over Needham's, a Canadian entity that merely coordinated a small portion of repair work on the Gael, all of which took place exclusively in Canada, where Needham's does no business in Michigan, is simply unreasonable and offends the "traditional conception of fair play and substantial justice. . . ." *Int'l Shoe*, 326 U.S. at 320. Subjecting Needham's to jurisdiction in this case is contrary to the degree of predictability given by the Due Process Clause, which "allows

10

potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Woodson*, 444 U.S. at 297.

## III. Conclusion

Defendant Needham's is entitled to a dismissal of this action since this Court lacks personal jurisdiction.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Attorneys for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

Dated: October 1, 2003
@PFDesktop\::ODMA/PCDOCS/TROY/331442/1

11

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

    Defendants.
_____/

Case No.: 03-40164

Hon. Paul V. Gadola

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
 Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

## PROOF OF SERVICE

    **NANCY KACHMAN** declares that a copy of Defendant Needham's Marine, Ltd.'s Motion to Dismiss for Lack of Jurisdiction was served upon all counsel of record in the above cause via U.S. Mail addressed to their respective business address as disclosed by the pleadings of record and deposited in a U.S. Mail receptacle hereon on October 1,

2003. I declare that under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

*Nancy Kachman*
NANCY KACHMAN

Subscribed and sworn to before me
this 1st day of October, 2003.

*Kathleen A Lepo*
KATHLEEN A. LEPO
Notary Public, Macomb County, MI
My commission expires: 7-20-04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED