## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

       Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

       Defendants.
_____/

Case No.: 03-40164

Hon. Paul V. Gadola



STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
  Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

**DEFENDANT NEEDHAM'S MARINE, LTD MOTION TO DISMISS**

NOW COMES DEFENDANT Needham's Marine, LTD ("Needham's") by and through its attorneys, Garan Lucow Miller, P.C., and for its Motion to Dismiss, states as follows:

1. Plaintiffs' First Amended Complaint alleges that the "Gael" – a sailing vessel – ran aground on or around September 1, 2000 at or near Lexington, Michigan, due to weather conditions and/or Plaintiffs' inexperience on Lake Huron.

2. The Gael sustained severe damage as a result of this grounding.

3. Plaintiffs subsequently elected to have the Gael transported to Defendant Bridgeview Marina, Ltd. ("Bridgeview"), a marina in Ontario, Canada.

4. Plaintiffs elected and negotiated to have Bridgeview and its wholly-owned subsidiary, Captain's Yacting Service, Ltd. ("Captain's"), also located in Ontario, Canada, perform the extensive repairs to the Gael.

5. Repairs to the Gael took over 18 months and involved services from around 17 different Canadian entities.

6. Plaintiffs filed the instant First Amended Complaint against these Defendants on or around August 11, 2003 alleging Breach of Contract (Count I), Fraud (Count II), Rescission (Count III), Fraud in the Inducement (Count IV), and Violation of the Michigan Consumer Protection Act (Count V).

7. Defendant Needham's had virtually no involvement with the repair work that was done on the Gael, but rather served a limited role in coordinating some of the repair work.

2

8. The courts of Ontario, Canada provide an adequate, alternative forum for the resolution of the instant dispute. *See Stewart v. Dow Chemical Co.*, 865 F.2d 103 (1989); *Piper Aircraft Co. v. Reyno et al.*, 454 U.S. 235 (1981).

9. The private interest factors of the litigants strongly weigh in favor of Ontario, Canada, where Plaintiffs elected to bring the boat and contract for repairs, making it the most appropriate forum for bringing this action. *See id.*

10. An Ontario, Canada forum provides better access to sources of proof, witnesses, and potential parties to be joined. *See id.*

11. As all of the current defendants are Canadian citizens with their principal places of business in Ontario, Canada, both the cost-of-trial factor and compulsory process for obtaining attendance of witnesses factor weigh heavily in favor of dismissal. *See id.*

12. The public interest factors also weigh heavily in favor of dismissal pursuant to the doctrine of *forum non conveniens*.

13. This matter should be governed by Canadian law in that the contract for repairs to the Gael was a voluntary contractual agreement, created in Canada, and entered into by Plaintiffs' voluntary choice.

14. Finally, considerations of international comity compel the conclusion that this case should be dismissed. *See Lauritzen v. Larsen*, 345 U.S. 571 (1953).

15. By this Motion, Defendant Needham's does not consent to this Court exercising personal jurisdiction over this Defendant, and contests the same.

3

16. Defendant Needham's does not have the minimum contacts with Michigan or the United States; maintenance of this suit against Needham's offends "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington et al.*, 326 U.S. 310 (1945).

17. Defendant Needham's relies upon its Motion to Dismiss For Lack of Personal Jurisdiction, which is incorporated herein by reference.

18. Pursuant to Local Rule 7.1, Defendant Needham's sought Plaintiffs' concurrence in this motion, which concurrence was not forthcoming.

WHEREFORE Defendant Needham's respectfully requests that this Honorable Court dismiss Plaintiffs' First Amended Complaint on the grounds of *forum non conveniens*, together with any and such further relief as this Court deems necessary and just.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Attorneys for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

Dated: October 1, 2003
@PFDesktop\::ODMA/PCDOCS/TROY/331185/1

4

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

Case No.: 03-40164

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

Hon. Paul V. Gadola

    Defendants.
_____/

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
  Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

**DEFENDANT NEEDHAM'S MARINE, LTD MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

Controlling Authority .................................................................................................. i

I.   Factual Background ........................................................................................ 1

II.  Concurrence In Defendants Bridgeview and Captain's Motion ........................ 2

III. Conclusion ....................................................................................................... 3

## CONTROLLING AUTHORITY

*Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987)

*Baris v. Sulpicio Lines*, 932 F.2d 1540 (5th Cir. 1991)

*Diaz v. Humboldt*, 722 F.2d 1216 (5th Cir. 1984)

*Empresa Lineas Maritimas Argentinas v. Schichau-Unterweser*, 955 F.2d 368 (5th Cir. 1992)

*Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F.2d 848 (11th Cir. 1988)

*Hellenic Lines, Ltd v. Rhoditis*, 398 U.S. 306 (1970)

*Hyundai Heavy Industries Co. Ltd v. M/V Saibos FDS*, 163 F.2d 1307 (D.C. Ala 2001)

*International Shoe Co. v. State of Washington et al.*, 326 U.S. 310 (1945).

*Lauritzen v. Larsen*, 345 U.S. 571 (1953)

*Piper Aircraft Co. v. Renyo*, 454 U.S. 235 (1981)

*Stewart v. Dow Chemical Co.*, 865 F.2d 103 (CA 6 1989)

*Syndicate 420 at Lloyds v. Early American Ins. Co.*, 796 F.2d 821 (5th Cir. 1986)

## I. Factual Background

This case involves damages alleged to have resulted from the defective repair to the Gael, a sailing vessel that ran aground on September 1, 2000 at or near Lexington, Michigan, due to weather conditions on Lake Huron. Plaintiffs, who were in possession of the Gael, subsequently elected to have the Gael transported to Defendant Bridgeview Marina, Ltd. ("Bridgeview"), in Ontario, Canada, for extensive repairs. Plaintiffs negotiated and contracted in Canada to have Bridgeview and Captain's, also located in Ontario, Canada, perform the extensive repairs. Over the course of approximately eighteen (18) months, Captain's performed the repair work on the Gael, enlisting the services of some seventeen (17) different Canadian entities.

Defendant Needham's Marine, Ltd. ("Needham's") is not related to Bridgeview or Captain's, the entities alleged to have performed the faulty repair to the Gael, and is a separate and distinct entity. (Douglas Affidavit – **Exhibit 1**). Needham's is a Canadian company, with its principal place of business at One Marina Road, Point Edward, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's does not have either an office or agent in Michigan and does not do any business in Michigan or the United States. (Douglas Affidavit – **Exhibit 1**). Needham's general business is providing boat sales and marine mechanical repairs within the province of Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's is not licensed to do business in Michigan; in fact, as part of its dealer agreement with Searay and Boston Whaller, Needham's is, for the sale of certain boats, precluded from doing business within Michigan and the United

1

States. (Douglas Affidavit – **Exhibit 1**). Needham's is not allowed to send mechanics to work on boats within Michigan or the United States due to immigration restrictions. Moreover, Needham's does no business advertising in Michigan or the United States. (Douglas Affidavit – **Exhibit 1**).

All repairs to the Gael's engine, which had been completely submerged in the lake, were done by Yanmar in Toronto, Ontario. (Douglas Affidavit – **Exhibit 1**). Needham's charge for removal and reinstallation of the Gael's engine occurred while the Gael was, at all times relevant hereto, located in the Province of Ontario. (Douglas Affidavit – **Exhibit 1**). All of the contractual undertakings for performing repair to the Gael were arranged and negotiated in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). All of the repair activities to the Gael were performed pursuant to discussions and/or contractual negotiations that took place in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Needham's had no relationship with the Gael or its owners in the United States; all activities, agreements, and work performed took place in Ontario, Canada. (Douglas Affidavit – **Exhibit 1**). Finally, the Gael appears to be owned by Carribean Vacations, Ltd., which is not a Michigan corporation.

## II.  Concurrence In Defendants' Bridgeview and Captain's Motion

Defendant Needham's hereby concurs in and relies upon Defendants' Bridgeview and Captain's Motion and Memorandum In Support of Motion to Dismiss for the reasons stated therein, which is incorporated herein by reference. Defendant Needham's further relies upon the affidavit of William Douglas in support of their Motion

2

to Dismiss.  (Douglas Affidavit – **Exhibit 1**).

## III.     Conclusion

Based on the facts of this case and the *forum non conveniens* analysis, this case should be dismissed.  There is virtually no connection between the facts of this case and the State of Michigan.  On the other hand, there are strong connections with Ontario, Canada, an adequate alternative forum, and the fair and expeditious resolution of this dispute is appropriately addressed to a Canadian court.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Attorneys for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

Dated: October 1, 2003
@PFDesktop\::ODMA/PCDOCS/TROY/331185/1

3

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

Case No.: 03-40164

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

Hon. Paul V. Gadola

    Defendants.
_____/

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
  Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600
_____/

## PROOF OF SERVICE

**NANCY KACHMAN** declares that a copy of Defendant Needham's Marine, Ltd.'s Motion to Dismiss was served upon all counsel of record in the above cause via U.S. Mail addressed to their respective business address as disclosed by the pleadings of record and deposited in a U.S. Mail receptacle hereon on October 1, 2003. I declare that under

penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

_____
NANCY KACHMAN

Subscribed and sworn to before me
this 1st day of October, 2003.

_____
KATHLEEN A. LEPO
Notary Public, Macomb County, MI
My commission expires: 7-20-04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED