# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

Case No. 03-40164
Hon. Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD. and
CAPTAIN'S YACHTING SERVICE, LTD.

    Defendants.

_____/

| | |
|---|---|
| **Potter, DeAgostino, Campbell & O'Dea**<br>**STEVEN M. POTTER (P33344)**<br>**RICK J. PATTERSON (P55706)**<br>Attorneys for Plaintiffs<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, MI 48326<br>(248) 377-1700 - (248) 377-0051 (fax) | **Garan, Lucow, Miller P.C.**<br>**MARK E. SHREVE (P29149)**<br>Attorney for Defendant,<br>Needham's Marine, Ltd.<br>1111 W. Long Lake, Suite 300<br>Troy, MI 48098-6333<br>(248) 641-7600 – (248) 641-0222 (fax) |
| **D'Luge, Miles, Miles & Cameron P.L.C.**<br>**BRIAN J. MILES (P37186)**<br>**CHERYL A. CAMERON (P52497)**<br>Attorneys for Defendant,<br>Bridgeview Marina, Ltd. and<br>Captain's Yachting Service, Ltd.<br>67 N. Walnut<br>Mt. Clemens, MI 48043<br>(586) 468-7511 – (586) 468-7049 (fax) | |

_____/

## DEFENDANTS' MEMORANDUM IN REPLY

## TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I.  **An Adequate Remedy is Available.**

The sole basis of Plaintiffs' claim that the remedy available to them in Canada is inadequate is their contention that the courts of Ontario would not provide a remedy regarding the claims under the Michigan Consumer Protection Act or their tort claim regarding exposure to toxic fumes. (Plaintiffs' Response, p. 5). Plaintiffs' claim is meritless. First, Plaintiffs have acknowledged that the contract entered into for repair to the vessel was entered into by them "as agent with authority of the owner of the boat." (Plaintiffs' Response Brief, p. 14). Plaintiffs have further acknowledged that the true owner of the boat is Caribbean Vacations, Inc., a Delaware corporation. (*Id.* at p. 1). Because the Michigan Consumer Protection Act does not apply to corporate entities, it would not be applicable to Plaintiffs' claims.

In support of its assertion that the courts of Canada would provide an adequate remedy, Defendants submit the Affidavit of George Strathy, a barrister and solicitor duly licensed to practice law in Ontario, Canada. (**Ex. 5**). Based upon the Affidavit of Mr. Strathy, it is apparent that Canadian courts would recognize Plaintiffs' claim for tortious exposure to noxious fumes. Plaintiffs have no basis whatsoever to argue that the remedy available in the courts of Ontario are in any way inadequate.

II.  **The Private Interest Factors.**

In an effort to defeat Defendants' Motion to Dismiss, Plaintiffs contend that most of the 17 Canadian entities listed in the Affidavit of Anthony Shepherd as potential witnesses in this case have little, if anything, to do with the repairs complained of. Specifically, Plaintiffs state at page 10 of their Response Brief that the Complaint does not involve any of the following items:

1

> "... the auto-pilot, the hoses, hardware, etc., the float switches (though Needham Marine is a defendant in this lawsuit and their cooperation should not be a problem), the **VHF repair**, the **bow thruster**, the pumping out of holding tank, the radio and CD player, the sand blasting, the upholstery, the **fuel filters**, etc., the repairs to **drive shaft**, or repairs to cabin heater and information for stove and lighter."

(Plaintiffs' Response Brief, p. 10; emphasis added).

In fact, contrary to the assertion set forth above, many of those items <u>are</u> set forth as issues in Plaintiffs' Complaint. Specifically, paragraph 21 of the Complaint references among its list of improperly repaired items the fuel injectors and fuel filters, the drive shaft, the VHF/FM radio, the bow thruster, and allegations of underperformance which presumably relates to the engine and transmission package. Other paragraphs in Plaintiffs' Complaint reference alleged deficiencies in the navigational instruments, the voltage regulator, the exhaust hose, shaft seal, and general allegations regarding deficiencies in the "mechanical and electrical" systems in the vessel. (**Ex. 1**, Plaintiffs' Complaint, par. 46, 48, 58, 64, 66, 75 and 98).

As established by the Supplemental Affidavit of Anthony Shepherd (**Ex. 6**), several outside suppliers located in Ontario, Canada were involved, not only in providing parts that relate to the allegations of faulty repair set forth in Plaintiffs' Complaint, but actually provided substantial <u>service</u> and <u>repair work</u> directly related to Plaintiffs' claims. Additionally, as set forth in the original Affidavit of Mr. Shepherd (**Ex. 2**), most of the electrical and mechanical work performed on the vessel was performed by two individuals who are no longer employed by Captain's Yachting Services, Ltd., but who are still living in Canada. Without the ability to compel the testimony of those two former employees, as well as the individual entities that performed service and repair

2

work on various components of "GAEL", Captain's Yachting Services, Ltd. will be denied any real opportunity to adequately defend itself in this action. As established by the Affidavit of Mr. Strathy, Defendants would be able to compel live testimony in the courts of Ontario of any witness residing within the province. Consequently, nearly all of the witnesses identified in the Affidavits of Mr. Shepherd could be compelled to testify live at trial in Ontario. (**Ex. 5**, par. 26, 27).

In support of their claim that the private interest factor is weigh in Plaintiffs' favor, they have provided their own list of potential witnesses; that list requires close scrutiny. The majority of witnesses listed by Plaintiffs are apparently being offered to present testimony that can only be categorized as immaterial and redundant. For example, the manager at West Marine in Buffalo, New York will purportedly be called to testify regarding the purchase of a new voltage regulator. West Marine in Harrison Township would also be called to testify regarding the purchase of another new voltage regulator. Certainly, the fact that voltage regulators were purchased from those entities is something that will not be hotly contested and can be established by Plaintiffs through their own testimony, as well as the presentation of invoices and/or receipts. Similarly, the purchase of batteries and other replacement parts by various entities throughout the country is something that can be easily established at trial through Plaintiffs testimony and invoices and receipts. Thus, the following witnesses referenced by Plaintiffs offer little or no value to the case:

    a.    Deka Batteries (purchase of 4 glass matt batteries);

    b.    Defender Industries (purchase of a battery charger);

    c.    West Marine (purchase of sensors and other supplies);

3

      d.      Fawcett Boat Supplies (purchase of miscellaneous materials);

      e.      Greg Doty (delivery of batteries and materials to Plaintiffs);

      f.      Jim Gie (replacement of wet cell batteries);

      g.      West Marine (purchase of repair parts);

The balance of the witnesses listed by Plaintiffs are reportedly going to be called to testify regarding various repairs made to the vessel. Moreover, to the extent these witnesses are being offered to provide expert testimony, presumably they are being compensated and would be willing to give deposition testimony for presentation at trial. All of these witnesses reside out of state and if compelled to testify, would do so by deposition. Defendants respectfully submit that, since these witnesses will only be able to testify by deposition in any event, that deposition testimony could just as easily be submitted to a court in Canada. Thus, requiring the case to be filed in Canada results in no prejudice to Plaintiffs' presentation of their claim. (Defendants are certainly willing to stipulate to whatever process is needed to obtain the deposition testimony of these witnesses for purposes of presentation to the court in Canada.)

### III.    The Public Interest Factors.

The sole factor connecting this case to the state of Michigan is the fact that the shareholders of the corporate owner of the vessel have residence in this state. The vessel has no connection to the state of Michigan. The corporate owner is a Delaware corporation; the vessel was never docked or stored here and its homeport is out of state. In contrast, the vessel was at Bridgeview Marina and Captain's Yachting Service and was in the province of Ontario, Canada in excess of three years. (Plaintiffs' Reply Brief, pp. 2-4; Plaintiffs' Ex. 3). The contract was executed and performed in Ontario,

4

Canada. (Plaintiffs' Ex. 3). All of the parties Defendant and the vast majority of the significant witnesses are located there. Certainly, the public interest factors weigh heavily in favor of dismissal of this claim in favor of a Canadian forum.

## IV. Conclusion.

For the above and foregoing reasons, Defendants, Bridgeview Marina, Ltd. and Captain's Yachting Service, Ltd. respectfully request that this Honorable Court grant its Motion and dismiss Plaintiffs' Complaint.

Respectfully submitted,

D'LUGE, MILES, MILES & CAMERON P.L.C.

By: BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
Attorneys for Defendants, Bridgeview Marina, Ltd. and Captain's Yachting Service, Ltd.
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

Dated: October 7, 2003

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED