UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCT 27 4 3: PM '03

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

        Plaintiffs,

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD., and
CAPTAIN'S YACHTING SERVICE, LTD.,

        Defendants.

Case No. 03-40164

Hon.: Paul V. Gadola

| | |
|---|---|
| Potter, DeAgostino, Campbell & O'Dea<br>STEVEN M. POTTER (P33344)<br>RICK J. PATTERSON (P55706)<br>Attorneys for Plaintiffs<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, Michigan 48326<br>(248) 377-1700/(248) 377-0051 fax | D'Luge, Miles, Miles & Cameron, P.L.C.<br>BRIAN J. MILES (P37186)<br>CHERYL A. CAMERON (P52497)<br>Attys for Defs Bridgeview & Captain's Yachting<br>67 N. Walnut<br>Mt. Clemens, Michigan 48043<br>(586) 468-7511/(586) 468-7049 fax |
| Garan Lucow Miller, P.C.<br>MARK SHREVE (29149)<br>Attorney for Needham's Marine, Ltd.<br>1111 W. Long Lake, Suite 300<br>Troy, Michigan 48098-6333 | |

**PLAINTIFFS' RESPONSE TO DEFENDANT NEEDHAM'S MARINE, LTD.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COME Plaintiffs, Richard A. Campbell and Mary M. Campbell, by and through their

attorneys Potter, DeAgostino, Campbell & O'Dea and submits the following as their Answer to

Defendant Needham's Marine, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction:

    1.    Plaintiffs admit the allegations contained in paragraph 1 as true.

    2.    Plaintiffs admit the allegations contained in paragraph 2 as true.

3.      Plaintiffs admit the allegations contained in paragraph 3 as true.

4.      Plaintiffs admit the allegations contained in paragraph 4 as true.  Plaintiffs further

state that Plaintiffs' contracted with Defendant Needham's Marine to perform repairs.

5.      Plaintiffs neither admit nor deny the allegations contained in paragraph 5 due to lack

of information to form a belief.  Plaintiffs leave Defendant to its proofs.

6.      Plaintiffs admit the allegations contained in paragraph 6 as true.

7.      Plaintiffs deny the allegations contained in paragraph 7 for the reason that they are

untrue.

8.      Plaintiffs deny the allegations contained in paragraph 8 for the reason that they are

untrue.

9.      Plaintiffs deny the allegations contained in paragraph 9 for the reason that they are

untrue.

10.     Plaintiffs deny the allegations contained in paragraph 10 for the reason that they are

untrue.

11.     Plaintiffs rely upon their Brief which is incorporated herein.

12.     Plaintiffs admit the allegations contained in paragraph 12 as true.

WHEREFORE, Plaintiffs respectfully requests that the instant motion be denied.

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

STEVEN M. POTTER (P33344)
RICK J. PATTERSON (P55706)
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700

Dated: October 27, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

          Case No. 03-40164

        Plaintiffs,

          Hon.: Paul V. Gadola

vs.

BRIDGEVIEW MARINA, LTD.,
NEEDHAM'S MARINE, LTD., and
CAPTAIN'S YACHTING SERVICE, LTD.,

        Defendants.

---

Potter, DeAgostino, Campbell & O'Dea
STEVEN M. POTTER (P33344)
RICK J. PATTERSON (P55706)
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700/(248) 377-0051 fax

D'Luge, Miles, Miles & Cameron, P.L.C.
BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
Attys for Defs Bridgeview & Captain's Yachting
67 N. Walnut
Mt. Clemens, Michigan 48043
(586) 468-7511/(586) 468-7049 fax

Garan Lucow Miller, P.C.
MARK SHREVE (29149)
Attorney for Needham's Marine, Ltd.
1111 W. Long Lake, Suite 300
Troy, Michigan 48098-6333
(248) 641-7600/(248) 641-0222 fax

---

*Brief in support of*

**PLAINTIFFS' RESPONSE TO DEFENDANT NEEDHAM MARINE'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

*(left margin, vertical:)* POTTER, DeAGOSTINO, CAMPBELL & O'DEA

## Table of Contents

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    2.    Plaintiffs Have Presented a Prima Facie Case of Personal Jurisdiction Over Needham's . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    3.    The Exercise of Jurisdiction Over Needham's Comports With Due Process Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Relief Requested . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POTTER, DeAGOSTINO, CAMPBELL & ODEA

i

## Statement of Issue Presented

CAN THIS COURT EXERCISE JURISDICTION OVER NEEDHAM'S MARINE, LTD.?

Plaintiffs say "Yes".
Defendant says "No".

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

ii

## Most Controlling Authority

Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476; 105 S.Ct. 2174; 85 L.Ed.2d 528 (1985).

Compuserve, Incorporated v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996).

Lanier v. Am. Bd. Of Endodontics, 843 F.2d 901, 906 (6th Cir. 1988).

Neogen Corporation v. NEO Gen Screening, Inc., 282 F.2d 883, 887 (6th Cir. 2002).

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

iii

## Factual Background

Plaintiffs incorporate and restate the "Factual Background" set forth in response to Defendants Bridgeview Marina and Captain Yachting Service's Motion to Dismiss as if fully stated herein.

Plaintiff's further rely on the Affidavit of Richard Campbell (Exhibit A), in support of the exercise of jurisdiction over Needham's Marine. As set forth in Exhibit A, Defendant has indicated to Plaintiff that approximately 250 of the boats docked at Defendant's facility are owned by United States citizens, including Michigan residents such as Plaintiffs. Similarly, Defendant has indicated that a significant number of the boats that have mechanical repairs performed by Needham's Marine (Needham's) are owned by United States citizens. Such repairs are performed pursuant to a contract between Needham's and the owner of the boat. Plaintiff's entered into such a contract with Needham's pursuant to negotiations that took place between Needham's and Plaintiffs while Plaintiffs were located in Michigan. These negotiations were conducted via telephone, facsimile, and regular mail. In addition Defendant accepted payment for services from Michigan pursuant to the contract for repairs.

In addition, Defendant's employee was involved in the repairs of the voltage regulator and is the individual that informed Plaintiffs that the ongoing problem with the voltage regulator could be fixed by adjusting a screw on the voltage regulator. This is the voltage regulator that failed during Plaintiff's voyage through the Lake Erie and resulted in Plaintiffs having to purchase a replacement voltage regulator and replacement batteries for the Gael.

## Legal Analysis

1.      **Standard of Review**

1

In response to Defendant Needham's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), Plaintiff has the burden of establishing that this Court has jurisdiction over Defendant Needham's. Neogen Corporation v. NEO Gen Screening, Inc, 282 F.2d 883, 887 (6th Cir. 2002). When no evidentiary hearing is conducted by the Court, a plaintiff need only make a prima facie showing of jurisdiction. Id. This burden is met by showing sufficient contacts between the defendant and the forum state to support jurisdiction. Id. When ruling on the instant motion, this Court must construe the facts in light most favorable to the Plaintiffs and cannot consider facts proffered by Needham's that conflict with those offered by Plaintiffs. Id.

This means that the Court cannot consider any claims set forth in William Douglas' affidavit that are contrary to the facts set forth in Richard Campbell's affidavit. Specifically, the Court cannot rely on the claim that all contractual undertakings were arranged and negotiated in Ontario, Canada because such claim directly conflicts with Mr. Campbell's sworn statement that Plaintiffs negotiated with Needham's for repairs from Michigan via telephone, facsimile, and regular mail. Similarly, the claim that Needham's had no relationship with the Gael or its owners in the United States is contrary to the statements set forth in Mr. Campbell's affidavit and cannot be considered when deciding the instant motion. Compuserve, Incorporated v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996).

2. **Plaintiffs Have Presented A Prima Facie Case of Personal Jurisdiction Over Needham's.**

As an initial proposition, it must be noted that jurisdiction may not be avoided merely because the defendant did not physically enter the forum State. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476; 105 S.Ct. 2174; 85 L.Ed.2d 528 (1985). As the Court stated:

> [I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus

2

> obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are "purposefully directed" toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

Id. Thus, Needham's repeated claims that it did not conduct business in Michigan based on a lack of physical presence in Michigan misstates the analysis required to determine the instant motion.

MCL 600.715 extends limited personal jurisdiction over a nonresident corporation regarding claims "arising out of the act or acts which create any of the following relationships." (1) the transaction of any business within the state, (2) the doing or causing to be done, or consequences to occur, in the state resulting in an action for tort, or (3) the entering into a contract for services to be performed or for materials to be furnished in the state by the defendant." Mr. Douglas' assertion in his affidavit that Needham's conducts no business in Michigan not only is erroneous but it also cannot be considered in deciding the instant motion because it is contrary to the statement set forth in Mr. Campbell's affidavit. Neogen Corporation, supra.

The Sixth Circuit has held that the "transaction of any business" necessary for jurisdiction under MCL 600.715(1) is established by "the slightest act of doing business in Michigan." Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 906 (6th Cir. 1988); see also, Neogen Corporation at 888. The court in Lanier held that an Illinois professional corporation "transacted business" in Michigan under the statute based on mail and telephone calls with Michigan residents. The same is true here. Needham's "transacted business" with Plaintiffs and other Michigan residents regarding performing repairs to vessels through its mail and telephone contacts with Michigan residents. Similarly, in Neogen, the court that the plaintiff presented a prima facie case of jurisdiction based on the defendant transacting business in Michigan when it accepted items from Michigan, made test results

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

3

available to Michigan residents on its website, and accepted payment through the mail from Michigan. Neogen at 888. Again, Needham's conduct of contracting for repairs with Plaintiffs and other Michigan residents through negotiations conducted via telephone and mail constitutes the transaction of business in Michigan and subjects Defendant to personal jurisdiction in accordance with MCL 600.715.

A portion of Plaintiffs damages arise out of the transaction of business with Needham's over the phone and through the mail. An example of this harm is the contractual obligation to repair the voltage regulator, which was negotiated with Plaintiffs in Michigan, and resulted in Plaintiffs having to replace the voltage regulator and the batteries with payment from their own bank account, which is a damage incurred in Michigan. Thus, the consequences of Needham's breach of their contractual obligation to perform repairs occurred in Michigan. See Neogen at 888-889. In addition, at this point in the litigation Plaintiff do not know the full extent of Needham's involvement with the repair of the exhaust system. The consequences of the faulty exhaust system leaking fumes into the cabin of the boat continues to be felt by Plaintiffs in Michigan and gives rise to a cause of action for tort. Such conduct makes the exercise of jurisdiction under MCL 600.715(2) proper.

Defendant also entered into contracts with Michigan residents to perform repairs for the benefit of Michigan residents. Defendant's reliance on tort cases involving motor vehicle accidents between parties with no prior dealings is misplaced because it ignores the prior and continuous contractual relationship between the parties in this matter. Again, Defendant conducted business in Michigan when it negotiated contract terms and accepted payment from Michigan pursuant to Neogen and Compuserve.

4

Not only does this Court have jurisdiction over Needham's pursuant to MCL 600.715, it also has general jurisdiction over Needham's pursuant to MCL 600.711. Specifically, MCL 600.711(3) provides that a court will have general jurisdiction over a foreign corporation when the foreign corporation carries on a continuous and systematic part of its general business within a state. Defendant again relies on the false notion that it did not carry on business in Michigan because it was not physically present in Michigan. No such requirement exists for the exercise of general jurisdiction under MCL 600.711. There is no distinction between "carrying on" business as set forth in MCL 600.711 and "transaction of any business" contained in MCL 600.715. Defendant has failed to point to any authority that carrying on business with residents of Michigan through mail and electronic means does not satisfy the jurisdictional requirements of MCL 600.711. While it may be true that Defendant cannot send mechanics to make repairs within the boundaries of Michigan pursuant to agreements with two manufactures, Defendant never claims that those agreements prevent it from contracting with Michigan residents to have the repairs performed at their facility. Defendant's own representatives have boasted to Plaintiffs that Needham's contracts to perform mechanical repairs for United States citizens, including Michigan residents. Defendant's contracts with United States citizens and Michigan residents to perform mechanical repairs to boats constitutes a continuous and systematic part of its business within Michigan. Defendant has mail and electronic contact with its customers regarding repairs being made and accepts payment from Michigan for the work performed, therefore, jurisdiction is proper pursuant to MCL 600.711.

3.    **The Exercise of Jurisdiction Over Needham's Comports With Due Process Requirements.**

Compliance with the Due Process Clause is determined by application of the following test:

5

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Neogen at 889 (citing S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff's must present a prima facie case that the above factors are satisfied and the evidence must be examined in a light most favorable to Plaintiffs. Neogen, supra.

Here, Defendant has purposefully availed itself of the privilege of acting in Michigan by responding to inquiries from Michigan residents and accepting payment by mail from Michigan customers. As set forth in Exhibit A, a significant number of the boats that have repairs performed by Defendant are owned by United States citizens and include Michigan residents. These contracts for repair constitute "continuous and systematic" activities with Michigan and satisfy the first element of purposeful availment. The contracts with Michigan residents are not "random" or "fortuitous," rather, the entering of contracts with Michigan residents and acceptance of payments from Michigan demonstrate that Defendant has chosen to conduct business in Michigan as set forth in Neogen and discussed above.

The second factor is also satisfied because Plaintiff's claims for breach of contract regarding the repairs performed by Needham's arise from Defendants conducting business with Plaintiffs who are Michigan residents. The economic impact of Defendant's conduct has been felt by Plaintiff's in Michigan.

When the first two elements are established, only extraordinary circumstances will lead the court to conclude that the assertion of jurisdiction would not be reasonable. Compuserve at 1268.

6

No such extraordinary circumstances exist here. Given that the connection between the business transacted and the state is "established by the slightest act of business with Michigan," Neogen at 888, and the clear relationship between Plaintiff's contract for repairs to the Gael and the allegations contained within the First Amended Complaint, Plaintiffs have demonstrated that the consequences of defendant's actions have a substantial connection with the forum state to make the exercise of jurisdiction over Needham's reasonable. Neogen. Moreover, the ongoing and continuous contractual relationships with Michigan residents by Defendants represents "continuous and systematic" contact with Michigan such that Needham's could reasonably anticipate being haled into a court in Michigan. Neogen at 892-893. Based on Defendant's ongoing business relationships with Michigan residents, the exercise of personal jurisdiction over Needham's by this Court does not offend "traditional notions of fair play and substantial justice." Accordingly, Defendant Needham's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

WHEREFORE, Plaintiffs respectfully requests that the instant motion be denied.

Respectfully submitted,

POTTER, DeAGOSTINO, CAMPBELL & O'DEA

RICK J. PATTERSON (P55706)
Attorneys for Plaintiffs
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
Dated: October 27, 2003                    (248) 377-1700

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED