# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

      Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd.,
NEEDHAM'S MARINE, Ltd. and
CAPTAIN'S YACHTING SERVICE, Ltd.,

      Defendants.

Case No.: 03-40164

Hon. Paul V. Gadola

_____/

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina &
  Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Garan Lucow Miller, P.C.
Attorney for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

_____/

## DEFENDANT NEEDHAM'S MARINE, LTD REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT NEEDHAM'S MARINE, LTD'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I. **Plaintiffs Have Not Made A Prima Facie Showing That Personal Jurisdiction Exists In This Case Or Can Be Exercised Under The Constitution**

Plaintiffs bear the burden of establishing that personal jurisdiction exists over Defendant Needham. *See Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424, 427 (2001). Plaintiffs have not "'establish[ed] <u>**with reasonable particularity** sufficient contacts</u> between [Needham's] and the forum state to support jurisdiction.'" *Neogen Corp v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (CA6 2002). Dismissal under F.R.C.P. 12(b)(2) is appropriate since plaintiffs fail to make a prima facie showing. *See id.*

Plaintiffs Response fails to allege any facts that would subject Needham's to jurisdiction under M.C.L. 600.711. Plaintiffs passing reference that Needham's carries on a "continuous and systematic part of [Needham's] business **within the state**" has no support whatsoever. The reason is simple: Needham's does not do business in Michigan. That fact remains un-refuted. At best, Plaintiffs allege that Needham's performs work **in Canada** for boats owned by Michigan citizens. This is insufficient to subject Needham's to Michigan's general jurisdiction. Simply because Michigan residents take advantage of the exchange rate on their U.S. dollars by having work done in Canada does not mean that Needham's carries on any part of their business in Michigan. Plaintiffs' argument is fallacy. Needham's has no control over who brings their boats to Needham's for repairs. Merely because Canadian businesses are popular with Michigan residents does not mean the business have availed themselves of Michigan.

Plaintiffs' fail to realize that Needham's dealings with any other Michigan resident is **irrelevant** to the issue of specific jurisdiction over Needham's person in this case. *See Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 152 (CA6 1997). Further,

1

there is a difference between transacting business (M.C.L. 600.715(1)) and exchanging information. Plaintiffs approached Needham's about repairs, not vice-versa. Plaintiffs decided to have repairs made and contracted in Ontario. Subsequent exchanges of information are irrelevant. Even assuming, *arguendo*, that specific jurisdiction exists, Due Process considerations prevent this Court from exercising jurisdiction over Needham's.

## II. Due Process: Needham's Never Purposefully Availed Itself Of Michigan

Purposeful availment is the "'*sine qua non* for *in personam* jurisdiction.'" *Kerry Steel*, 106 F.3d at 150. Plaintiffs have alleged no facts that Needham's "'purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* The purposeful availment requirement allows potential defendants to structure their conduct with some degree of predictability:

> A defendant that has purposefully availed itself of the protection of the forum state "has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to consumers, or, if the risks are too great, severing its connection with the State."

*Id.* at 150 (quotation omitted). In this case, Plaintiffs want the best of both worlds: after taking advantage of the decreased cost of repairs (through exchange rates and lower insurance costs due to Canada's legal system), Plaintiffs now want to force this Canadian entity into court in Michigan, where litigation costs are more expensive. Additionally, Michigan will not require Plaintiffs to pay Defendant's attorney fees if Plaintiff loses, as Plaintiffs would be required to do in Canada. Needham never "availed" itself of the benefits and protections (or detriments) of doing business in Michigan, and did not structure its business accordingly (e.g., by purchasing appropriate insurance policies to

2

cover the increased risk). (Douglas Affidavit – **Ex 1**).

Plaintiffs have failed to allege minimum contacts sufficient under Due Process. "A forum resident's contract with an out-of-state defendant alone is insufficient to automatically establish jurisdiction over the defendant." *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 982 (CA6 1992)(citation omitted). Plaintiffs have failed to allege adequate contacts between Needham's and Michigan. *See Witbeck v. Bill Cody's Ranch Inn*, 428 Mich. 659, 670-71 (1987) (finding the following contacts insufficient under Due Process: (1) defendant's advertisement in nationally distributed tour guide, (2) participation in nationwide appointment service, (3) interstate telephone conversations followed by mailing of brochures into Michigan, and (4) sending letters to plaintiff three months after plaintiff was injured in Wyoming). Simple research by Plaintiffs, in this regard, would have made this obvious. For example, Plaintiffs allegations regarding damage incurred in Michigan through payments from their bank account is <u>irrelevant</u>. *See Kerry Steel*, 106 F.3d at 151 (stating that "Kerry Steel's Michigan bank account did suffer, to be sure, 'but the locus of such a monetary injury is immaterial'"). Needham's had nothing to do with the exhaust work done to the Gael and advised Plaintiffs to replace the voltage regulator before they left Canada, but the Plaintiffs were in too much of a hurry to wait for the voltage regulator to be ordered. (Douglas Affidavit – **Ex 1**).

### III. Plaintiffs Misrepresent The Case Law, Which Is Not On Point

Plaintiffs' affidavit based upon hearsay and "information and belief" is not a controverting assertion that this Court must accept, but rather, borderline perjury. Further, *Neogen* was an internet case where the court looked to determine whether the website

3

was "interactive" to establish purposeful availment. Needham's sells and repairs boats. Plaintiffs have not alleged that Needham's operates an interactive website.

Plaintiffs' comparison of this case to *Lanier v. American Board of Endodontics*, 843 F.2d 901 (CA6 1988) is absurd. Further, Plaintiffs' Response inaccurately states that "The court in *Lanier* held that an Illinois professional corporation 'transacted business' in Michigan under the statute based on mail and telephone calls with Michigan residents." (Plaintiffs' Response, p.3). In *Lanier*, each of the three judges wrote a separate opinion, and none of them could agree on the long-arm (limited personal jurisdiction) statute under Michigan law. Judge Ryan concluded:

> that the Board's exchange of correspondence and telephone calls with Dr. Lanier in Michigan, including the collection of an application fee **as part of an agreement to consider her credentials for Board certification for practice in Michigan**, was the transaction of some business in Michigan within the meaning of [M.C.L. § 600.715(1)].

*Lanier*, 843 F.2d at 908 (emphasis added). Judge Hull was concerned enough about the issue to write a separate opinion explaining his reasoning. Judge Hull agreed that it was proper to exercise jurisdiction over the defendant since there was a "realistic impact" on the commerce in the state of Michigan because of the professional association's activities, and their stated purpose of "seeing that Michigan residents are provided with a high caliber of dental care. . . ." *Id.* at 912-13 (Hull, J., concurring). In Judge Hull's eyes, "the Board of Endodontics clearly engaged in activity which encouraged Ms. Lanier and other specialists to apply for its diplomate [sic] status." *Id.* at 913. Judge Krupansky stated, in his dissent, "the majority's decision addressing the issue of long arm jurisdiction does not comport with Michigan law or Supreme Court pronouncements. . . ." *Id.* at 914

4

(Krupansky, J., dissenting). *Lanier* is questionable authority and has been limited in subsequent cases.

### IV. Plaintiffs Affidavit

Paragraphs 3 and 4 of Campbell's affidavit are made "upon information and belief." These allegations are inadmissible hearsay: affidavits must be made on personal knowledge and set forth facts that "would be admissible in evidence." F.R.C.P. 56(e). Plaintiffs' use of this qualifying language only confirms that the purported affidavit is a nullity. (Exhibit A of Plaintiff's Response). Plaintiffs are well aware that Needham's has never docked their, or anyone's, boat. Needham's is **not** a marina and never has been. (Douglas Affidavit – **Ex 1**) (Lease Provision #3 – **Ex 2**). Plaintiffs' attempt to mislead this Court by using "defendants" (plural) in the sworn affidavit, while using "Defendant's" (possessive) in their response (p.1) regarding boat docking. Plaintiffs deception, solely in an attempt to keep Needham's in this case, borders on perjury. Needham's must be dismissed from this case for lack of personal jurisdiction.

Respectfully Submitted,

GARAN LUCOW MILLER, P.C.

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Attorneys for Defendant
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

Dated: November 11, 2003
@PFDesktop\::ODMA/PCDOCS/TROY/335757/1

5

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD A. CAMPBELL and
MARY M. CAMPBELL,

    Plaintiffs,

vs.

BRIDGEVIEW MARINA, Ltd., NEEDHAM'S MARINE Ltd. and CAPTAIN'S YACHTING SERVICE, Ltd.,

    Defendants.

Case No.: 03-40164

Hon. Paul V. Gadola

_____/

STEVEN M POTTER (P33344)
RICK J. PATTERSON (P55706)
Potter, DeAgostino, Campbell & O'Dea
Attorneys for Plaintiffs
2701 Cambridge Court, Ste. 223
Auburn Hills, MI 48326
(248) 377-1700

MARK SHREVE (P29149)
SHAWN K. OHL (P63030)
Garan Lucow Miller, P.C.
Attorneys for Defendant Needham's Marine, Ltd.
1111 W. Long Lake Rd., Ste. 300
Troy, MI 48098-6333
(248) 641-7600

BRIAN J. MILES (P37186)
CHERYL A. CAMERON (P52497)
D'Luge, Miles, Miles & Cameron, P.L.C.
Attorneys for Defs. Bridgeview Marina & Captain's Yachting Service
67 N. Walnut
Mt. Clemens, MI 48043
(586) 468-7511

_____/

### PROOF OF SERVICE

    **NANCY KACHMAN** declares that a copy of Defendant Needham's Marine, Ltd.'s Reply to Plaintiffs' Response to its Motion to Dismiss for Lack of Personal Jurisdiction was served upon all counsel of record in the above cause via U.S. Mail addressed to their respective business address as disclosed by the pleadings of record and deposited in a U.S. Mail receptacle hereon on November 11, 2003. I declare that under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

                                                            _/s/ Nancy Kachman_
                                                            NANCY KACHMAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED